[\*73]          \*CHARLES COOK ag   JOHN FINCH.

Where default is entered, and defendant's attorney, some twenty days after he is
informed of it, tenders a plea, &c., and offers to pay all costs, and the plaintiff's
attorney refuses to accept of the tender, on the ground of delay, and a motion
is made by defendant's attorney to set aside the default, &c., the motion will
be granted on payment of all costs, *except the costs of the motion*, which would
have been allowed *to defendant*, if he had not delayed in making tender.

*February Term*, 1846.

MOTION by defendant to set aside default and subsequent
proceedings.

Narr served November 25, 1845.   November 29, defend-
ant's attorney served affidavit and notice of motion to change
the venue and copy order staying proceedings on plaintiff's
attorney (not being aware of the 95th rule, he supposed the
order to stay enlarged the time to plead).   On the 18th De-
cember, default was entered.   On the 26th December, plain-
tiff's attorney received a plea of the general issue.   On the
same day he returned it to defendant's attorney, stating that
the default had been entered, and refused to accept it; imme-
diately defendant's attorney wrote to plaintiff's attorney, and
offered to pay his costs of default and subsequent proceedings,
if he would open the default, to which he received no answer.
On the 19th January, 1846, defendant's attorney tendered
plaintiff's attorney a plea of affidavit of merits and affidavit
of excuse for not having pleaded in time, and offered to pay
costs of default and subsequent proceedings, which plaintiff's
attorney refused to accept, for the reason that, under rule 20,
defendant's attorney was required to make the tender as soon
as he knew the default was entered.

E. VAN BUREN, *defendant's attorney.*
L. N. B. VANDERLIP, *plaintiff's attorney.*

BRONSON, Chief Justice.   Granted the motion on paymont
of costs, *except the costs of this motion.*

Costs of the motion were not allowed, because the plaintiff's

attorney refused to accept the costs tendered with the plea, &c. Costs of the motion would have been allowed to defendant, if he had not delayed some twenty days in his tender.